IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



SECURITIES AND EXCHANGE COMMISSION

    Plaintiff,

Vs.

THE LIFEPAY GROUP, LLC: SMDRE, LLC;      Civil Action No. 4:18-cv-1098
CLIFTON E. STANLEY, MICHAEL E. WATTS

    Defendants

# DEFENDANT Michael Watts Motion to Temporarily Stay Litigation

Defendant Michal Watts files this motion to Temporally Stay Litigation, and respectfully shows the Court as Follows:

1. Due to Defendant Watts lapse in Appropriations, Defendant Watts has been shutdown. As a result of this shutdown, all of Defendant's staff and attorneys have been furloughed and are prohibited from working. Under the Circumstances it is appropriate and Defendant Watts respectfully requests, activity in this litigation be temporarily stayed during the pendency of the shutdown and that the deadlines

1 | Page

in the Court's Scheduling Order (DOC 13) be suspended until otherwise ordered by the COURT. Because of the Shutdown Defendant will be substantially prejudiced if its request to stay this litigation was not granted.

2. This relief is not sought for purposes of delay but so that justice may be done.

3. Defendant sites as authority and precedent for his motion, This Court's ruling in this same case. In the Plaintiff's motion for Temporary Stay (Doc23)  filed on January 23, 2019, Plaintiff sought and was granted a Temporary Stay.  Plaintiff's Motion was predicated on 2 points.

   I. Without Funds the SEC could not pay for it's staff as it stated in its Motion, *"However, due to a lapse in appropriations, the SEC was shut down as of December 27, 2018. As a result of this shutdown, most SEC staff have been furloughed and are prohibited from working, except in very limited circumstances."*

   II. Without funds for Attorney and Staff, the SEC case would be prejudiced as they could not advance litigation

as they further argued in their motion, *"Because of the shutdown, the SEC would be substantially prejudiced if its request to stay this litigation was not granted."*

4. With Scheduling deadlines for Motions fast approaching, Defendant Watts is in a virtual identical situation as was Plaintiff in the January 23, 2019 motion (DOC 23), having no appropriations and thus having no staff or legal representation whereby his case is severely prejudiced.

5. Defendant Watts has secured financing from his Son (see attached exhibit A) , who has put his home up for sale and will appropriate funds to restore Defendant's legal representation upon the sale of his property.

Attached to this Motion is an order that substantively mirrors the Order the Court entered granting Plaintiff his January 23,2019 Motion (DOC 23). As a matter of Equity and fairness Defendant Watts prays the Court to grant this motion for Temporary Stay

Dated 5-10-19          Submitted BY

*Michael Watts*

**Michael Watts, Defendant**

**DEFENDANT Michael WATTS' Motion To Temporarily Stay Litigation**

# Exhibit "A"

May 8, 2019

REF: case 4:18-cv-1098

**To the Court and Whom it may concern:**

I am in the process of selling my home located at 1423 Lake Pointe Parkway, Sugar Land, Texas.  I hereby affirm that I shall appropriate funds from the proceeds of that sale to my father, Michael E. Watts to pay for attorneys in the above referenced case.

*[signature]*

Christopher M Watts

1423 Lake Pointe Parkway

Sugar Land, Texas 77478

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**SECURITIES AND EXCHANGE COMMISSION**

    **Plaintiff,**

Vs.

**THE LIFEPAY GROUP, LLC: SMDRE, LLC;**       Civil Action No. 4:18-cv-1098
**CLIFTON E. STANLEY, MICHAEL E. WATTS**

    **Defendants**

---

## (Proposed) ORDER GRANTING DEFENDANT'S MOTION TO TEMPARAILY STAY LITIGATION

The matter before the Court is Defendant Michael Watts' Motion to Temporarily Stay Litigation (the "Motion"), filed May _10_ 2019. Having considered the Motion and the entirety of the record, the Court finds that the Motion should be, and HEREBY IS, GRANTED. Therefore, it is:

ORDERED that this proceeding is stayed until otherwise ordered by the Court;

IT IS FURTHER ORDERED that the deadlines in the Court's Scheduling Order [Doc. 13] are suspended until otherwise ordered by the Court; and

IT IS FURTHER ORDERED that Defendant shall file a notice with the Court that the stay may be lifted within seven (7) days after the date that Defendant receives Funding from the proceeds of his Son's Home sale and Defendant's attorneys return to work.

SO ORDERED.

_____, 2019

_____

David Hittner

United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on May __10__, 2019, I filed the foregoing document with the Clerk of the court, I hereby further certify that on

May __10__, 2019, I caused a copy of the foregoing document to be served on the following Defendants by email and mail:

Jennifer Reece

Securities and Exchange Commission

Burnett Plaza, Suite 1900

801 Cherry Street, Unit #18

Fort Worth, Texas 76102-6882

AND VIA EMAIL at reeceJ@sec.gov


Clifton R. Stanley

2207 Post Office Street, Apt. 206

Galveston, Texas 77550

And Via EMAIL at Clifton52@AOL.com

Defendant, Pro Se

*Michael Watts*

Michael E, Watts