**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

United States Courts
Southern District of Texas
F I L E D

**MAY 29 2019**

David J. Bradley, Clerk of Court

SECURITIES AND EXCHANGE
    COMMISSION
        **Plaintiff,**
Vs.

**Civil Action No. 4:18-cv-1098**

THE LIFEPAY GROUP, LLC,
 SMDRE, LLC;
CLIFTON E. STANLEY,
MICHAEL E. WATTS
      **Defendants**

---

## DEFENDANTS' MOTION FOR
## SUMMARY JUDGEMENT

Now comes defendant Michael Watts before this court. Defendant is acting Pro-se and asks the Courts indulgence for any failure in applying correct rules or format, wording or for incorrect procedures which may appear in Defendants filing. Defendant prays the court see the essence of his points even if they are clumsily or in artfully presented as Defendant acknowledges, even though he has researched diligently the subject he is arguing, he is a rank amateur. Defendant Watts respectfully files this motion for summary judgement for the reasons as follows:

## General Summary of Defendants Motion

Plaintiff SEC filed this complaint on April 6, 2019 alleging Defendant Watts and co-defendants participated in numerous fraudulent securities schemes centered on real estate and oil and gas loans involving several dozen victims. On June 21 the Court scheduling order was entered setting March1, 2019 as discovery cut-off. On January 23,2019, Plaintiff SEC filed an opposed motion for Stay citing that the Government shutdown left them short of staff and would unjustly prejudice Plaintiff

SEC. Plaintiff's opposed motion for stay was granted January 24, 2019. On February 4, 2019, Plaintiff SEC filed an opposed motion that was granted ordering a 60-day extension of deadlines making Discovery cut-off May1 and Motion cut-off May 30, 2019.

Discovery cut -off was May1,2019 and during the Court's discovery period Plaintiff SEC;

> \# failed to seek discovery or depose any third parties,
>
> \# obtained zero interrogatories,
>
> \# obtained zero admissions,
>
> \# sought zero written discovery from defendants, alleged victims or third parties.
>
> \# Failed to seek discovery or depose any principals.

On April 23,2019, eight days before discovery cut off, Plaintiff SEC did depose Defendant Watts. However, Plaintiff's lack of diligence in executing the logistics of that deposition have it questionable as to admissibility as it is before the court in Defendant's motion to suppress (see DOC 45). The deadlines imposed by the court and ignored by Plaintiff has left the Defendant in a position of arguing this summary judgement without any depositions and Defendant thereby arguing from the position that Plaintiff has zero discovery.

Defendant intends to show the Court that Defendant is entitled to a Summary judgement in his favor as a matter of law based on;

## I. Plaintiff's Has No-Evidence.

## II. Plaintiff's Insufficient Fraud Pleadings.

## III. Plaintiff's Failure on Each Allegation.

# I.    **Plaintiff Has No-Evidence.**

### **Plaintiff has no evidence as a matter of Law, Defendant cites**

### *Moore V K Mart*:

> *Moore v. K Mart Corp.*, 981 S.W.2d 266 (Tex. App.-San Antonio 1998, pet. denied). The court seized the opportunity to lay out the    meaning of the "no evidence" standard in some detail: "A no-evidence summary judgment is essentially a pre-trial directed verdict," and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. Judge David Hittner and Lynne Liberato, No-   Evidence Summary Judgments Under the New      Rule, in STATE BAR OF TEXAS   PROF. DEV.  PROGRAM, 20 ADVANCED CIVIL TRIAL COURSE D, D-5 (1997). We review the evidence in the light most favorable to the respondent against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and   inferences. .  .. A no-evidence summary judgment is improperly granted if the respondent   brings forth more than a scintilla of    probative     evidence to raise a   genuine issue of material fact. . .. Less than a scintilla exists when the evidence is "so   weak as to do no more than create a mere surmise or suspicion" of a fact. . .. More    than a scintilla of evidence exists when the evidence "rises to a level that would enable  reasonable and fair-minded people to differ in their conclusions."

Therefore, in accordance with *Moore,* if Plaintiff has less than a scintilla of evidence, as a Matter of Law, the Court must find in favor of Defendant.

## A. **Plaintiff's No Evidence by Experts**

Plaintiffs' complaint alleges multiple financial transactions involving dozens of individuals and entities located in 2 states involving millions of dollars involving Real Estate and Oil and Gas. In the Scheduling order (DOC 13) for this case, expert witnesses were to be designated in writing by November 1, 2019, with their report due 60 days later. Plaintiff designated no experts and consequentially no reports were generated. Without Experts, Plaintiff will not have "a scintilla" of evidence in matters of complicated financial transactions and; has no Real estate expert to give evidence about transactions and valuation and; does not have an Oil and

Gas expert to give evidence about transactions, reserves and valuations. Plaintiff has zero experts for evidence and Zero is less than a scintilla!

B. **Plaintiff's No Evidence by Oral Testimony:**

Plaintiff wrote in a Response (DOC 15) filed in opposition to Defendants Motion to Stay (DOC 14). Plaintiff argued to this Court:

> "a blanket stay would work prejudice substantial rights of the SEC. The SEC alleges that the Defendants preyed upon elderly investors, whose memory and ability to testify will likely diminish during an extended stay. To preserve testimonial evidence for trial, the SEC intends to seek the oral deposition of some of the elderly victims. The requested stay would prejudice the SEC's rights to such discovery and potentially prevent the SEC from obtaining critical evidence to prove its claims or to establish a foundation for specific remedies. This factor, therefore, weighs heavily against the stay."

In this opposition response (DOC 15), Plaintiff's own argument made a specific point that depositions were critically vital to this case and that the potential of not obtaining would prejudice Plaintiff from "obtaining critical evidence to prove its claims or to establish a foundation for specific remedies"

Plaintiff also won an opposed motion to stay (DOC 23) on January 23, 2019 arguing that his case would be prejudiced if forced to abide by the Courts scheduling order and meet the discovery Cut-off as originally ordered.

Plaintiff then won an opposed motion for a Lift of Stay and extension Motion (DOC26) filed 2-4-2019 claiming Plaintiff needed an additional time to depose critical third parties.

### C.      Plaintiff's Failure to obtain other written Discovery

Plaintiff also failed to seek admissions or Interrogatories during the Court's discovery and extended discovery period.

## SUMMARY OF NO EVIDENCE MOTION

The sum of Plaintiff's extraordinary efforts to obtain critical discovery was this. Plaintiff designated ZERO experts who generated ZERO reports while they deposed ZERO 3rd parties and ZERO victims and took ZERO admissions and ZERO interrogatories.  Plaintiff did ZERO discovery!

Plaintiff by his own words admitted that discovery testimony was critical to "obtaining critical evidence to prove its claims and establish a foundation for specific remedies "

Whereas the Courts discovery cut off lapsed as of May1,2019, it is now a matter of fact that Plaintiff has taken no evidence via discovery.  Defendant asserts that the No-Evidence standard established in *Moore V K Mart* is most certainly satisfied as ZERO evidence is less than a scintilla!

## II.  Plaintiff's Insufficient Fraud Pleadings

Plaintiff also falls short in Pleading Fraud as a matter of Law.
In *Flaherty V TXU*, the fifth Circuit has found that Fraud requires a pleader to state with particularity the circumstances constituting fraud or mistake The Fifth Circuit strictly interprets this requirement and demands that a plaintiff specify (1) the statements alleged to be fraudulent, (2) the speaker, (3) when the statement was made, (4) where the statement was made, and (5) why the statement was fraudulent.  In *Flaherty*, the court reminds us that a plaintiff cannot satisfy the pleading requirements with global or group allegations such as "all defendants" made the fraudulent statement.  *Flaherty* further appears to impose a requirement of delineating whether the statement alleged is an affirmative misrepresentation or an omission.  *Flaherty* also discusses the type of evidence necessary to plead intent in a securities fraud case, which is a higher standard than common law fraud, but still subject to Rule 9(b)

The <u>United States Court of Appeals for the Fifth Circuit</u> has reiterated    the pleading standards applicable in federal court for securities fraud and for common-law fraud in *Flaherty & Crimrine Preferred Income Fund Inc. v. TXU Corp.* Federal Rule of Civil Procedure 9(b))<u>.</u>

    A.    Plaintiff's Fraud Pleadings are insufficient as follows;

        1.  Plaintiff's pleadings fall short of the requirements of the 5th Circuit in that Plaintiff does not state with particularity concerning "the speaker, "when the statement was made," and "where the statement was made."

    *2.* Plaintiff's pleading fails as he makes allegations in a general manner without the specificity required by *Flaherty*

    *3.* Plaintiff fails to delineate whether the statements alleged are an affirmative misrepresentation or an omission.

B.    Plaintiff's insufficient Claim for fraud under Section 10(b) and Rule 10b-5 of the Securities Exchange Act as follows:

    (The 5th circuit went on to opine in *Flaherty*)

In order to state a claim for fraud under Section 10(b) and Rule 10b-5 of the Securities Exchange Act, a plaintiff must allege, in omission (2) of a material fact (3) made with scienter (4) on which the plaintiffs relied (5) that proximately caused the plaintiff's injury. R2 Invs. LDC v. Phillips, 401 F.3d 638, 641 (5th Cir. 2005). The elements of a claim under Section 14(e), which applies to tender offers, are identical to the Section 10(b)/Rule 10b-5 elements. Smallwood v. Pearl Brewing Co., 489 F.2d 579, 605 (5th Cir. 1974).

    i.    Plaintiff fails to allege an act by defendant "made with scienter."

    ii.    Plaintiff fails to allege an act by defendant "on which the Plaintiff's relied."

    iii.    Plaintiff fails to allege an act by defendant "that proximately caused the plaintiff's injury."

(The 5th Circuit, Flaherty continued)

**The Private Securities Litigation Reform Act ("PSLRA"), which governs federal securities fraud claims, requires that a plaintiff in a securities fraud case must, for "each act or omission alleged" to be false or misleading, "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2); see also Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc., 537 F.3d 527, 533 (5th Cir. 2008); Zonogon, 267 F.3d at 407 ("[A] plaintiff alleging a section 10(b)/Rule 10b-5 claim must now plead specific facts giving rise to a strong inference of scienter."**

C.   Plaintiff's Pleadings fail under ("PSLRA") in that:

   i.   Plaintiff fails to, for "each act or omission alleged", "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."

   ii.   Plaintiffs 'pleading fails by not showing "specific facts giving rise to a strong inference of scienter."

## III.  Plaintiff's Failure on Each Allegation

**In Pleading 1&2 of Plaintiff's Pleading, Plaintiff alleges;**

1.      From 2010 to 2017, Stanley ran a Ponzi scheme through Lifepay, a retirement planning and real-estate investment company he owned and controlled. Stanley raised approximately $2.4 million by selling Lifepay promissory-note securities in unregistered transactions to at least thirty investors located in Louisiana and Texas. He targeted the retirement savings of elderly investors in their eighties and nineties, promising them high-interest returns up to 36% per year. He told investors that the investment was "safe" and that Lifepay would use their investment dollars to fund new real-estate projects, which he claimed were profitable. But these representations were untrue and simply served to ensnare victims in the scheme.

2.      Stanley misappropriated millions of the dollars invested in Lifepay notes. He used approximately $1.3 million to cover his personal living expenses, and to support his lavish lifestyle, including country-club membership, ocean cruises, and spa treatments. This spending made it impossible for Lifepay to generate the promised returns on the funds invested. But Stanley kept the scheme afloat by making approximately $1.1 million in Ponzi payments— purported interest payments derived not from real-estate profits but from the proceeds of later note sales. These payments served to convince investors that the investments were legitimate. Several investors who received Ponzi payments exchanged their mature notes for new notes in greater amounts rather than demand that Stanley return their principal when due.

**Concerning Pleading 1&2.,** Defendant Watts requests a summary judgement in his favor based on the following:

I.      Plaintiff is alleging a "scheme" that is highly complicated, that has multiple transactions that allegedly has cash flowing through multiple entities in two states involving millions of dollars in Real estate and retirement investments. Such an allegation could only be substantiated to be put into evidence by a financial expert testifying as to how an alleged scheme worked. Plaintiff has no such expert and therefore has

no evidence that supports Pleading 13. In the Rule 16 of the scheduling order (DOC 13) this court ordered Plaintiff's experts to be designated to opponents in writing by November 1, 2018.  The Court further ordered that export reports to be served within 60days of designation. Defendant has not received either the designation or the Report and the deadline is past for such.

II.     There is not a scintilla of evidence as there is not one deposition of the alleged elderly investors that substantiates the allegations herein.

III.     There is no Evidence that Defendant was an Officer, Director or Controlling shareholder of Lifepay.

IV.     There is no evidence Defendant Watts Controlled Stanley.

V.     There is no evidence that Defendant was a party to any of the allegations alleged in Pleading 13.

VI.     There is not a scintilla of evidence satisfies the requirements opined in *Moore V TXU*.

VII.     All Plaintiff's fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

VIII.     This pleading additionally falls short under (PSLRA) as it fails to show that with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 1&2

**In pleading 3 of Plaintiff's claim, Plaintiff alleges;**

**3.**    Beginning in 2015, Stanley teamed up with Watts to orchestrate a second promissory-note scheme, this time using SMDRE, an oil-and-gas company they controlled. Stanley and Watts targeted retirement savings, raising approximately $1.4 million by selling SMDRE promissory notes primarily to elderly investors in unregistered transactions. They lured investors with false promises of safe, above-market investment returns generated by SMDRE purchasing profitable oil-and-gas interests. They concealed important information from investors, including: (a) SMDRE's payment of a 10% to 15% commission to Stanley on nearly every SMDRE promissory note sold, (b) SMDRE's purchase of oil-and-gas interests exclusively from Watts, and (c) SMDRE's multi-million-dollar indebtedness to Watts. And they concocted sham transactions to misappropriate hundreds of thousands of investor dollars for personal use.

**Concerning Pleading 3.,** Defendant Watts Request a summary judgement in his favor based on the following:

    I.    Defendant Watts was not a party to a first promissory - note scheme and there is no evidence Defendant orchestrated a second promissory -note scheme.

    II.    There is no Evidence that Defendant Watts was an Officer, Director or Controlling shareholder of Lifepay.

    III.    There is no evidence that Defendant Watts was an Officer, Director or Controlling shareholder of SMDRE LLC nor represented himself as such.

    IV.    There is no evidence Defendant Watts Controlled Stanley.

    V.    There is no written evidence and plaintiff has no oral testimony that Defendant Watts targeted the elderly, solicited, pitched or offered any notes or that Defendant lured Investors with false

promises or that defendant concealed important information as alleged in Plaintiff's Pleading.

VI.   There is not a scintilla of Evidence herein as opined in *Moore V TXU*

VII.   The fraud claims fall short of the 5th Circuit Flaherty as to specificity as to error or omission, of material fact, made with scienter, on which plaintiff relied on, that proximately caused the plaintiff's injury.

VIII.   This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged that to be false or misleading Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 3.


**In pleading 4 of Plaintiff's claim, Plaintiff alleges;**

**4,**   By reason of the conduct and the untrue and misleading statements described herein, Defendants Stanley, Watts, Lifepay, and SMDRE violated, and unless enjoined will continue to violate, securities-registration and antifraud provisions of the federal securities laws, specifically Sections 5(a), 5(c), and 17(a)(1)-(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and (c) and 77q(a)(1)-(3)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b)] and Exchange Act Rule 10b-5(a)-(c) [17 C.F.R. §§ 240.10b-5(a)-(c)]; and Stanley violated, and unless enjoined will continue to violate, the broker-registration requirements of the federal securities laws, specifically Exchange Act Section 15(a) [15 U.S.C. §§ 78o(a)].

**Concerning Pleading 4,** Defendant Watts requests a summary judgement in his favor based on the following:

Defendant Watts' Motion for Summary Judgement

i. There is no evidence written or oral that Defendant Watts violated securities-registration and antifraud provisions of the federal securities laws.

ii. There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

iii. There is not a scintilla of Evidence as opined in *Moore V TXU*.

iv. The fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

v. This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant with regard the allegations in Pleading 4.

**In pleading 5 of Plaintiff's claim, Plaintiff alleges;**

**5.     In the interest of protecting the public from further violations by the Defendants, the Commission requests that the Court permanently enjoin them from violating the provisions specified above, order them to disgorge the financial gains connected to their violations, plus prejudgment interest on those gains, and impose civil monetary penalties against them.**

I. In Pleading 5 of Plaintiff's complaint, there is no evidence written or oral that Defendant Watts violated securities-registration and antifraud provisions of the federal securities laws.

II.   There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant with regard the allegations in Pleading 5

## In pleading 6 of Plaintiff's claim, Plaintiff alleges;

6.   Defendants offered and sold securities to investors in the form of promissory notes with maturities longer than nine months. The promissory §77b(a)(1)] and Section 3(a)(10) of the Exchange Act [15 U.S.C. §78c(a)(10)]. As such, the Court has jurisdiction over this action pursuant to Section 20(b)   of the Securities Act [15 U.S.C. § 77t(b)] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78(aa)].

## In Pleading 6 of Plaintiff's complaint,

I.    There is no evidence written or oral that Defendant Watts, offered and sold securities to investors.

II.   There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant with regard the allegations in Pleading 6

## In pleading 7 - 12 of Plaintiff's claim, Plaintiff makes undisputed statements of Fact;

7.   Venue lies in the Southern District of Texas under Securities Act Section   22(a) and Exchange Act Section 27 [15 U.S.C. §§ 77v(a) and 78aa].
8.   Plaintiff Commission is an agency of the United States of America   charged with enforcing the federal securities laws.
9.   Defendant Stanley, age 66, resides in Galveston, Texas.

10.   Defendant Watts, age 62, resides in Sugar Land, Texas. Case 4:18-cv-01098 Document 1 Filed on 04/06/18 in TXSD Page 3 of 17 4

11.   Defendant Lifepay is a Texas limited liability company headquartered in Missouri City, Texas.

12.   Defendant SMDRE, is a Texas limited liability company headquartered in Sugar Land, Texas.

Defendant Watts acknowledges that pleadings 7 through 12 are statements of facts regarding the parties that have no allegations.

### In pleading 13 of Plaintiff's claim, Plaintiff alleges;

13.   From 2010 through 2017, Stanley orchestrated a Ponzi scheme targeting financially unsophisticated investors in their eighties and nineties through his retirement planning and real-estate investment business, Lifepay. Plying his victims with gifts and polished sales pitches, Stanley won the trust of at least thirty elderly investors located in Louisiana and Texas. He induced them to purchase securities in the form of unsecured promissory notes, raising approximately $2.4 million. Many investors used significant portions of their retirement savings to purchase Lifepay notes.

**Concerning Pleading 13.,** Defendant Watts requests a summary judgement in his favor based on the following:

I.   Plaintiff is alleging a "scheme" that is highly complicated, that has multiple transactions that allegedly has cash flowing through multiple entities in two states involving millions of dollars in Real estate and retirement investments. Such an allegation could only be substantiated to be put into evidence by a financial expert testifying as to how an alleged scheme worked. Plaintiff has no such expert and therefore has no evidence that supports Pleading 13. In the Rule 16 of the scheduling order (DOC 13) this court ordered Plaintiff's experts to be designated to opponents in writing by November 1, 2018. The Court further ordered that export reports to be served within 60days of designation.

Defendant has not received either the designation or the Report and the deadline is past for such.

II. There is not a scintilla of evidence as there is not one deposition of the alleged 30 elderly investors that substantiates the allegations herein.

III. There is no Evidence that Defendant Watts was an Officer, Director or Controlling shareholder of Lifepay There is no evidence that Defendant Watts was a party to any of the allegations alleged in Pleading 13.

IV. There is not a scintilla of evidence satisfies the requirements opined in *Moore V TXU.*

V. All Plaintiff's fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

VI. This pleading additionally falls short under (PSLRA) as it fails to show that with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

VII. There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 13

**In pleading 14 of Plaintiff's claim, Plaintiff alleges;**

Defendant Watts' Motion for Summary Judgement

**. 14.** **Rather than provide investors written material describing the promissory-note investment, Stanley conveyed this information orally, typically during presentations in investors' homes. He called the investments "safe." He claimed that Lifepay operated a successful business and that Lifepay would use the proceeds from the note sales to fund new real-estate projects. And he represented that Lifepay would use the profits from these projects to pay off the notes plus interest far exceeding market rates. The notes bore annual interest rates ranging from 8% to 36% and payment terms usually exceeding one year.**

**Concerning Pleading 14.** Defendant Watts requests a summary judgement in his favor based on the following:

I.    Plaintiff is alleging a highly complicated multiple transactions that allegedly has cash flowing through multiple entities in two states involving millions of dollars in Real estate and retirement investments. By nature, these transactions call for testimony from real estate and financial experts testifying as to how an alleged scheme worked. Plaintiff has no such expert that supports Pleading 14. In the Rule 16 of the scheduling order (DOC 13) this court ordered Plaintiff's experts to be designated to opponents in writing by November 1, 2018. The Court further ordered that export reports to be served within 60days of designation. Defendant has not received either the designation or the Report and the deadline is past for such.

II.    There is not a scintilla of evidence as there is not one deposition of the alleged 30 elderly investors that substantiates the allegations herein.

III.    There is no Evidence that Defendant Watts was an Officer, Director or Controlling shareholder of Lifepay

IV.    There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

V.     There is no evidence that Defendant Watts was a party to any of the allegations alleged in Pleading 14.

VI.     There is not a scintilla of Evidence as opined in *Moore V TXU*. Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

VII.     This pleading additionally falls short under (PSLRA) as it fails to show that with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 14

## In pleading 15 of Plaintiff's claim, Plaintiff alleges;

**15.**     **Of the approximately $2.4 million raised in the Lifepay note offering, Stanley misappropriated approximately $1.3 million to cover his personal expenses. These expenses included country-club membership, spa treatments, maid service, ocean cruises and other travel, jewelry, rent, clothing, entertainment, living expenses, and church tithes. Stanley's misappropriation made it impossible for Lifepay to generate the promised returns on the funds invested. Operating a Ponzi Scheme**

**Concerning Pleading 15,** Defendant Watts requests a summary judgement in his favor based on the following;

I.     Such an allegation is so complicated that it could only be substantiated and put into evidence with a financial expert and Plaintiff has no such expert and therefore has no evidence that supports Pleading 15. Plaintiff lacks evidence that any of the above are anything more than normal expenditures. In Rule 16 of

the scheduling order (DOC 13) this court ordered Plaintiff's experts to be designated to opponents in writing by November 1, 2018. The Court further ordered that expert reports to be served within 60 days of designation. Plaintiff did not designate an expert and Defendant has not received a Report and the deadline is past for such Plaintiff lacks any evidence for this allegation.

II.    There is no Evidence that Defendant Watts was an Officer, Director or Controlling shareholder of Lifepay or SMDRE.

III.    There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

IV.    There is no evidence that Defendant Watts was a party to any of the allegations alleged in Pleading 15.

V.    There is not a scintilla of Evidence as opined in *Moore V TXU*. Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury. This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 15.

## In pleading 16 of Plaintiff's claim, Plaintiff alleges

16.   **Stanley operated Lifepay as a Ponzi scheme. He kept the scheme going for years by misappropriating approximately $1.1 million in additional investor funds to make Ponzi payments—purported interest payments derived not from real-estate or other profits but from the proceeds of later Lifepay note sales. These payments served to convince investors that their Lifepay promissory notes were legitimate investments. Several investors who received them exchanged their mature notes for new notes in greater amounts rather than demand that Stanley return their principal when due.**

**Concerning Pleading 16,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following;

I.    Plaintiff has no proof written or oral the actions described in this pleading were designed, intended or carried out as alleged and has no expert to give evidence proving Pleading 16. In Rule 16 of the scheduling order (DOC 13) this court ordered Plaintiff's experts to be designated to opponents in writing by November 1, 2018. The Court further ordered that expert reports to be served within 60 days of designation. Defendant has not received either the designation or the Report and the deadline is past for such.

II.   There is no Evidence that Defendant Watts was an Officer, Director or Controlling shareholder of Lifepay.

III.  There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

IV.   There is no evidence that Defendant Watts was a party or had knowledge to any of the allegations alleged in Pleading 16.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 16

**In pleading 17 of Plaintiff's claim, Plaintiff alleges**

Defendant Watts' Motion for Summary Judgement

**17.**     For example, one Louisiana couple in their eighties invested $25,000 in 2010. Over time, as Stanley made Ponzi payments on their original note and subsequent notes, he convinced the couple to increase their investment to more than $700,000. This amount represented almost the entire amount they received when they cashed out a pension earned working decades in a petroleum refinery. And a Texas man, who suffered brain injuries from a stroke, began with a $10,000 promissory note. Over the years, Stanley deceived him with Ponzi payments, ultimately persuading him to increase the investment amount to approximately $600,000.

**Concerning Pleading 17,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following;

I.    There is no Evidence that Defendant Watts was an Officer, Director or Controlling shareholder of Lifepay.

II.    There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

III.    There is no evidence that Defendant Watts was a party or had knowledge to any of the allegations alleged in Pleading 17

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 17.

**In pleading 18 of Plaintiff's claim, Plaintiff alleges**

**18.**     Stanley used Lifepay notes to loot a centenarian's family trust. In approximately 2012, Stanley convinced a then 101-year-old named Elizabeth residing in Houston, Texas, to appoint him as trustee of her family trust. From 2013 to 2016, without making any disclosures to the trust's family beneficiaries, Stanley caused the trust to invest approximately $60,000 in Lifepay notes. He then      and personal expenses.

**Concerning Pleading 18,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following;

I.    There is no Evidence that Defendant Watts was an Officer, Director or Controlling shareholder of Lifepay.

II.     There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

III.    There is no evidence that Defendant Watts was a party or had any knowledge to any of the allegations alleged in Pleading 18

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 18

## In pleading 19 of Plaintiff's claim, Plaintiff alleges

**19.     After Elizabeth died in 2016 at age 105, Stanley caused her Trust to liquidate its remaining assets to purchase $38,000 in additional Lifepay notes. To effect this transaction, Stanley caused the trust account to wire $38,000 to a Lifepay bank account under his control. Without disclosure to the trust beneficiaries, Stanley immediately made $17,000 in Ponzi payments to other Lifepay investors. And he paid $10,000 to the man who initially introduced Stanley to Elizabeth. Stanley never made an interest or principal payment to the trust on the Lifepay notes. Untrue and Misleading Statements in the Lifepay Offering**

**Concerning Pleading 19,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following;

I.      There is no Evidence that Defendant Watts was an Officer, Director or Controlling shareholder of Lifepay

II.     There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

III.    There is no evidence that Defendant Watts was a part of or aware of the events giving rise to any of the allegations alleged in Pleading 19

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant with regard to the allegations in Pleading 19

Defendant Watts' Motion for Summary Judgement

**In pleading 20 of Plaintiff's claim, Plaintiff alleges;**

> 20.    The statements that Stanley made to investors about the Lifepay notes were untrue. By labeling Lifepay "successful" and the notes "safe," Stanley conveyed the impression that investors bore little or no risk of losing the dollars they invested. In reality, Lifepay was heavily indebted, had few assets, and generated insufficient revenue to repay the notes plus the promised interest. For these reasons alone, the investment was fraught with risk and therefore far from safe. But Stanley's misappropriation made it impossible for Lifepay to earn real-estate profits using the proceeds from note sales. Stanley knew or was severely reckless in not knowing that he was making untrue statements when he called Lifepay successful and the notes safe.

**Concerning Pleading 20,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following;

I.    There is no Evidence that Defendant Watts was an Officer, Director or Controlling shareholder of Lifepay.

II.    There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

III.    There is no evidence that Defendant Watts was a part or had knowledge of the allegations alleged in Pleading 20

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant with regard to the allegations in Pleading 20

**In pleading 21 of Plaintiff's claim, Plaintiff alleges;**

> 21.    Stanley also made untrue statements to investors regarding the use of note proceeds. When Stanley spent note proceeds on real estate, most of the funds were used to pay taxes and other costs associated with condominiums already held in his name and on a personal residence that he occupied rent-free throughout most of the Lifepay note scheme. Contrary to his representation to investors, this spending did not fund new Lifepay real-estate projects. Stanley only spent approximately $100,000 of the note proceeds to fund new investments—two condominiums and an empty lot in Branson, Missouri—all deeded in Stanley's name, not Lifepay's. Apart from the Ponzi payments they received, the Lifepay note investors lost all the funds they used to purchase notes from Stanley.

**Concerning Pleading 21,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following;

I.     There is no Evidence that Defendant Watts was an Officer, Director or Controlling shareholder of Lifepay.

II.    There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

III.    There is no evidence that Defendant Watts was a part or had knowledge to the allegations alledged in Pleading 21.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant with regard to the allegations in Pleading 21


**In pleading 22 of Plaintiff's claim, Plaintiff alleges;**

> **22.     Stanley knew or was severely reckless in not knowing that Lifepay used only $100,000 of the note proceeds to fund new real-estate projects. A reasonable investor would have considered Lifepay's actual financial condition, the safety of the notes, and the use of note proceeds important in making an investment decision about the notes. This information was therefore, material.**

**Concerning Pleading 22,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following;

I.     There is no Evidence that Defendant Watts was an officer, director or controlling shareholder of Lifepay

II.    There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

III.    There is no evidence that Defendant Watts was a part or had knowledge of the allegations alleged in Pleading 22

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 22

### In pleading 23 of Plaintiff's claim, Plaintiff alleges;

> 23.     As Stanley continued the Lifepay scheme, he and Watts started a new investment scheme in 2015 using SMDRE, and oil-and-gas investment company. Watts and Stanley co-owned SMDRE, but Watts controlled its bank accounts and managed its oil-and-gas investments. From February 2015 through February 2017, Watts and Stanley sold 23 SMDRE promissory notes, raising $1,389,575 from 13 investors located in Texas and Louisiana.

**Concerning Pleading 23,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following;

I.      There is no evidence that Defendant was a party to a scheme or that Watts "controlled" its bank accounts".

II.     There is not a scintilla of Evidence that Defendant was an officer, director or controlling shareholder of Lifepay or that he attempted to act or represent himself as such.

III.    There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

IV.     There is not a scintilla of evidence that Defendant Watts was an officer, director or controlling shareholder of SMDRE LLC or that he attempted to act as such or represent himself as such:

V.      There is not a scintilla of written evidence that Defendant Watts solicited, offered or sold 23 SMDRE promissory notes, raising $1,389,575 from 13 investors located in Texas and Louisiana and

VI.     There is not a scintilla of oral evidence as there are no depositions claiming that Defendant Watts was a participant in the allegations herein;

VII.     Plaintiff has no expert to give evidence for the alleged numbers herein.

VIII.     There is not a scintilla of Evidence as opined in *Moore V TXU*. Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury. This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 23

**In pleading 24** of Plaintiff's claim, Plaintiff alleges;

> **24.     Several of these investors used a significant portion of their retirement savings to purchase the SMDRE notes. And several Lifepay investors also received new SMDRE notes in exchange for their previously issued Lifepay notes.**

**Concerning Pleading 24,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I.     There is no Evidence that Defendant was an officer, director or controlling shareholder of Lifepay and as such had no authority to make representations, agreements or bind Lifepay and no evidence he attempted to represent or act for Lifepay.

II.   There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to make representations, agreements or bind SMDRE and there is no evidence he attempted to act for SMDRE.

III.  There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

IV.   There is not a scintilla of Evidence as opined in *Moore V TXU*.  Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury. This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 25.

**In pleading 25 of Plaintiff's claim, Plaintiff alleges;**

**25.    Each SMDRE note promised investors a high-interest return based on a formula tied to the market price of oil. For example, one of the SMDRE notes provided that, if the price was $40 per barrel, then the investor would earn 8% per year on the note, and if the price was $100 per barrel, then 20% per year. Other SMDRE notes included similar provisions. Watts and Stanley promised to pay off each note plus interest at the end of a set term—typically five or ten years—by investing the note proceeds in purportedly safe and profitable oil-and-gas investments.**

**Concerning Pleading 25,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I.      There is not scintilla of written evidence that Defendant solicited, offered and sold or that Defendant made promises as alleged in this pleading.

II.     There is not a scintilla of oral evidence as there are no depositions in this case supporting the allegations herein.

III.    There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to make representations, agree or bind SMDRE and there is no evidence defendant attempted to act for SMDRE

IV.     There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

V.      There is not a scintilla of Evidence as opined in *Moore V TXU*. Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury. This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 25.

**In pleading 26 of Plaintiff's claim, Plaintiff alleges;**

Defendant Watts' Motion for Summary Judgement

**26.** **Watts and Stanley solicited investors to purchase SMDRE notes in face-to-face meetings. In February 2015, they convinced the first SMDRE note investor to purchase a promissory note for $200,000. When this investor expressed concerns about the investment's risks, they assured the investor that the investment would be "safe." Watts and Stanley told the investor that the note would be backed by stock that SMDRE owned in a publicly traded company called Hydrocarb Energy Corporation ("Hydrocarb"). This statement was misleading.**

**Concerning Pleading 26,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I. Plaintiff does not have a scintilla of written evidence that Defendant Watts solicited anyone or made misleading statements.

II. There is not a scintilla of oral evidence as there are no depositions in this case supporting the allegations herein

III. There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to make representations, agree or bind SMDRE and there is no evidence defendant attempted to act in such capacity for SMDRE.

IV. There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 26.

## In pleading 27 of Plaintiff's claim, Plaintiff alleges;

**27.** **In Reality, SMDRE owed more on the stock than it was worth. Watts and Stanley omitted to disclose that the stock was worth approximately $600,000 and that SMDRE owed more than $1.8 million on a note payable to Hydrocarb (the "Hydrocarb Note"), which SMDRE had issued in exchange for the stock. As a result of this indebtedness, SMDRE's liabilities greatly exceeded its assets, a fact that Watts and Stanley also omitted to disclose to the first investor. Because of these material omissions, the statements that the investment was safe and backed by the stock were misleading.**

**Concerning Pleading 27,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I. Plaintiff does not have evidence and contradicts himself as to what the balance of the Hydrocarb Note was or as to who paid what, when or where. Pleading 38 claims 85% of the balance was paid but does not innumerate as to 85% of what. Pleading 38 alleges the note had been reduced to $631,000 from an undetermined previous balance of which $531,000 was then paid before the balance was then $0. These allegations in 38 &39 are made while the Plaintiff alleges here in Pleading 27 that a $1,800,000 Hydrocarb note balance existed.

II. There is no written evidence that can support the monetary allegations. It is an indisputable fact that SMDRE was a private company and as such produced no certifiable financials. Plaintiff's confusion as shown in 1 above is the best evidence for the clear need for an expert as Plaintiff has not even a scintilla of evidence to support the complex financial allegations made herein. However, the Plaintiff has no expert that can analyze and give evidence to these allegations. In the Rule 16 scheduling order (DOC 13) this court ordered Plaintiff's experts to be designated to opponents in writing by November 1, 2018. The Court further ordered that expert reports to be served within 60 days of designation. Defendant did not receive either the designation or a Report that provides evidence for this pleading and the deadline is many months past for such.

III. There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to make representations, agree or bind SMDRE and there is no evidence Defendant attempted to act in such capacity for SMDRE

IV. There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

V. There is not a scintilla of Evidence as opined in *Moore V TXU*.

VI. Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

VII.  This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 27.

### In pleading 28 of Plaintiff's claim, Plaintiff alleges;

**28.    The initial SMDRE promissory note, which Watts and Stanley signed, was accompanied by a written loan agreement, which the investor and Stanley signed. In the loan agreement, SMDRE warranted that "it holds and will hold assets valued in excess of 125% of the note herein." This statement was misleading. SMDRE's liabilities greatly exceeded its assets, a fact the loan agreement omitted to disclose. Concerning Pleading 28,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I.    There is no written evidence to support the monetary allegations. Plaintiff is alleging an opinion only a Financial expert could give when he alleges "SMDRE's liabilities greatly exceeded its assets, "It is an indisputable fact that SMDRE was a private company and as such produced no certifiable financials. Plaintiff has not even a scintilla of evidence to support the complex financial allegations made herein.  Furthermore, the Plaintiff has

no expert that can analyze and give evidence to these allegations. In the Rule 16 scheduling order (DOC 13) this court ordered Plaintiff's experts to be designated to opponents in writing by November 1, 2018. The Court further ordered that expert reports to be served within 60 days of designation. Defendant has not received either the designation or a Report that provides evidence for this pleading and the deadline is many months past for such.

II. Plaintiff has no evidence as to the claim of SMDRE liabilities greatly exceeded Assets. It is undisputed that SMDRE had oil and gas assets. Plaintiff has no evidence that proves his claim that SMDRE assets were worth less than the liabilities. Oil and Gas asset valuations are extremely complicated and require Oil and Gas Engineering expertise to evaluate and Plaintiff has not designated an expert nor forwarded a report as required by the rule 16 scheduling order.

III. There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to make representations, agree or bind SMDRE and there is no evidence Defendant attempted to act in such capacity for SMDRE There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

IV. There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley

V. There is not a scintilla of Evidence as opined in *Moore V TXU*.

VI. Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

VII. This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant with regard to the allegations in Pleading 28.

**In pleading 29 of Plaintiff's claim, Plaintiff alleges;**

> 29.     As Watts and Stanley proceeded to offer the SMDRE promissory notes to subsequent investors, they continued to use the same form of loan agreement for each note sold. In the same period, SMDRE incurred millions of dollars in additional debt without a proportionate increase in its assets. Watts and Stanley never disclosed to subsequent SMDRE investors the Hydrocarb Note or SMDRE's substantial indebtedness, which eventually exceeded $6.7 million, including more than $3.5 million in undisclosed debt owed to Watts and companies he controlled.

**Concerning Pleading 29,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I. There is no evidence Defendant offered SMDRE promissory notes.

II. There is no written evidence to support the monetary allegations. It is an indisputable fact that SMDRE was a private company and as such produced no certifiable financials. Plaintiff has not even a scintilla of evidence to support the complex financial allegations made herein. Furthermore, the Plaintiff has no expert that can analyze and give evidence to these allegations.  In the Rule 16 scheduling order (DOC 13) this court ordered Plaintiff's experts to be designated to opponents in writing by November 1, 2018.  The Court further ordered that expert reports to be served within 60 days of designation. Defendant has not received either the designation or a Report that

provides evidence for this pleading and the deadline is many months past for such.

III. There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to make representations, agree or bind SMDRE and there is no evidence Defendant attempted to act in such capacity for SMDRE

IV. There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

V. There is not a scintilla of Evidence as opined in *Moore V TXU*.

VI. Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

VII. This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant with regard to the allegations in Pleading 29.

**In pleading 30 of Plaintiff's claim, Plaintiff alleges;**

**30.    This omitted information described in paragraphs 26-29, above, was material. A reasonable investor would have considered SMDRE's multi-million-dollar liabilities, including the Hydrocarb Note, and SMDRE's actual financial condition important in making an investment decision about a SMDRE promissory note. Hydrocarb declared bankruptcy in early 2016, approximately one year later than the first sale.**

**Concerning Pleading 30,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I.     There is no written evidence to support the monetary allegations. It is an indisputable fact that SMDRE was a private company and as such produced no certifiable financials. Plaintiff has not even a scintilla of evidence to support the complex financial allegations made herein.

II.     There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to make representations, agree or bind SMDRE and there is no evidence Defendant attempted to act in such capacity for SMDRE.

III.     There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

IV.     Furthermore, the Plaintiff has no expert that can analyze and give evidence to these allegations. In the Rule 16 scheduling order (DOC 13) this court ordered Plaintiff's experts to be designated to opponents in writing by November 1, 2018. The Court further ordered that expert reports to be served within 60 days of designation. Defendant did not receive either the designation or a Report that provides evidence for this pleading and the deadline is many months past for such.

V.     There is not a scintilla of Evidence as opined in *Moore V TXU*.

VI.     Any fraud claims fall short of *the 5ᵗʰ Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

VII.     This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff

must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 30.

### In pleading 31 of Plaintiff's claim, Plaintiff alleges;

**31.     The SMDRE loan agreement contained other untrue and misleading statements. It contained a representation that SMDRE would use investor funds to acquire oil-and-gas assets. While SMDRE did use funds for that purpose, the loan agreement failed to disclose that Watts paid Stanley a 10% to 15% commission using funds from SMDRE's bank account on almost every investment. Ultimately, Stanley received approximately $140,000 in such commissions. By failing to disclose these commissions, the loan agreement's statement regarding the use of investor funds was misleading.**

**Concerning Pleading 31,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following: There is no evidence to support this allegation.

I.     There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to make representations, agree or bind SMDRE and there is no evidence Defendant attempted to act in such capacity for SMDRE.

II.     There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

III.     There is not a scintilla of Evidence as opined in *Moore V TXU*.

IV.      Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

V.    This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 31.

### In pleading 32 of Plaintiff's claim, Plaintiff alleges

**32.    The loan agreement also contained a representation that SMDRE guaranteed to use its specialized oil-and-gas knowledge to produce income sufficient to make principal and interest payments when due. This statement was untrue and misleading. It omitted to disclose that SMDRE invested exclusively in oil-and-gas properties owned by Watts, which required the use of no specialized oil-and-gas knowledge.**

**Concerning Pleading 32,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I.    Plaintiff has no evidence to prove the allegations herein.

II.    Plaintiff has not designated an expert or generated a report to prove this allegation.

III.    There is not a scintilla of Evidence as opined in *Moore V TXU*.

IV.    There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to make representations, agree or bind SMDRE and there is no evidence Defendant attempted to act in such capacity for SMDRE.

V.    There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

VI.    Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with

scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

VII.    This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 32.

### In pleading 33 of Plaintiff's claim, Plaintiff alleges

**33.    The omitted information regarding Stanley's commissions and the investments in Watts's properties was material. When making an investment decision about SMDRE, a reasonable investor would consider important: (a) SMDRE's practice of purchasing properties from Watts in undisclosed related-party transactions, because he had the power to, and did, set terms in each property sale favoring himself, and (b) Stanley's receipt of undisclosed commissions, because such payments significantly reduced the funds available for oil-and-gas investment.**

**Concerning Pleading 33,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I.    Plaintiff has no evidence to prove the allegations herein.

II.    Plaintiff has not designated an expert or generated a report to prove these allegations.

III.    There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no obligation or authority to make representations, agree or bind SMDRE and there is no evidence Defendant attempted to act in such capacity for SMDRE

VI.    There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

IV.    There is not a scintilla of Evidence as opined in *Moore V TXU*.

V.    Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

VI.    This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 33.

### In pleading 34 of Plaintiff's claim, Plaintiff alleges

**34.    From March 2015 to August 2015, SMDRE paid approximately $1,276,500 that it received from investors to Lifestream--an entity wholly owned and controlled by Watts—in exchange for interests in several oil-and-gas properties. These interests never generated enough income to meet SMDRE's obligation to pay principal and interest to its promissory noteholders. Over time, SMDRE paid out almost $800,000 in additional funds to Watts and Geoserve Marketing, LLC, another entity Watts owned.**

**Concerning Pleading 34,** Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I.    There is no written evidence to support the monetary allegations. It is an indisputable fact that SMDRE was a private company and as such produced no certifiable financials. Plaintiff has not even a scintilla of evidence to support the complex financial allegations made herein.

II.     Furthermore, the Plaintiff has no expert that can analyze and give evidence to these allegations. In the Rule 16 scheduling order (DOC 13) this court ordered Plaintiff's experts to be designated to opponents in writing by November 1, 2018. The Court further ordered that expert reports to be served within 60 days of designation. Defendant did not receive either the designation or a Report as required by the Court that provides evidence for this pleading and the deadline is many months past for such.

III.    There is not a scintilla of Evidence as opined in *Moore V TXU*.

IV.    Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

V.    This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 34

## In pleading 35 of Plaintiff's claim, Plaintiff alleges

**35.    Stanley engaged in a scheme to transfer Lifepay's promissory-note liabilities onto SMDRE, thereby burdening SMDRE investors with the indebtedness from the Lifepay Ponzi scheme. On August 1, 2016, he executed a "Purchase Contract For Real Estate" between himself and SMDRE. Under the contract, SMDRE agreed to assume an**

**obligation to repay $2.4 million in Lifepay promissory notes in exchange for beneficial ownership of two empty lots and three condominiums in Branson, Missouri, valued collectively at a small fraction of the $2.4 million assumed. But the contract provided that Stanley retained title to the properties in his name.**

Concerning Pleading 35, Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I. There is no Evidence that defendant was an officer, director or controlling shareholder of Lifepay and as such had no authority to make representations, agreements or bind Lifepay and no evidence he attempted to act for Lifepay.

II. There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

III. There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to make representations, agreements or bind SMDRE and no evidence he attempted to act for SMDRE.

IV. There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

V. There is no written evidence to support the monetary allegations. It is an indisputable fact that SMDRE and Lifepay were private companies and as such produced no certifiable financials. Plaintiff has not even a scintilla of evidence to support the complex financial allegations made herein. Furthermore, the Plaintiff has no expert that can analyze and give evidence to these allegations. In the Rule 16 scheduling order (DOC 13) this court ordered Plaintiff's experts to be  designated to opponents in writing by November 1, 2018 .  The Court further ordered that expert reports

to be served within 60 days of designation. Defendant has not received either the designation or a Report that provides evidence for this pleading and the deadline is many months past for such.

VI.    Plaintiff has no evidence to support the claim that the real estate mentioned in pleading 35 was worth a "fraction of the $2.4 million

VII.   There is not a scintilla of Evidence as opined in *Moore V TXU.*

VIII.  Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

IX.    This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 35.


## In pleading 36 of Plaintiff's claim, Plaintiff alleges

36.    Stanley signed the Purchase Contract for Real Estate contract on behalf of himself and SMDRE, thereby causing SMDRE to violate its representation that it would invest solely in oil-and-gas prospects. The effect of this transaction—which Stanley never disclosed to SMDRE's investors—was to burden SMDRE with $2.4 million in additional liabilities in exchange for relatively worthless real-estate assets. The Lifepay investors who surrendered their notes in exchange for SMDRE notes were also kept unaware of the millions of dollars in indebtedness incurred by SMDRE, including a total of more than $3.1 million in investor promissory notes and over $3.5 million owed to Watts and his entities. In total, SMDRE incurred more than $6.7 million in debt, with little to no hope of ever repaying such a large amount.

**Concerning Pleading 36**, Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I.   There is no Evidence that defendant was an officer, director or controlling shareholder of Lifepay and as such had no authority to make representations, agreements or bind Lifepay and no evidence he attempted to act for Lifepay

II.   There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to make representations, agreements or bind SMDRE and no evidence he attempted to act for SMDRE.

III.   There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

IV.   There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

V.   There is no written evidence to support the monetary allegations. It is an indisputable fact that SMDRE and Lifepay were private companies and as such produced no certifiable financials. Plaintiff has not even a scintilla of evidence to support the complex financial allegations made herein. Furthermore, the Plaintiff has no expert that can analyze and give evidence to these allegations. In the Rule 16 scheduling order (DOC 13) this court ordered Plaintiff's experts to be designated to opponents in writing by November 1, 2018. The Court further ordered that expert reports to be served within 60 days of designation. Defendant has not received either the designation or a Report that provides evidence for this pleading and the deadline is many months past for such.

VI.   Plaintiff has no evidence and no expert to support the claim that the real estate mentioned in pleading 36 was worthless.

VII.   There is not a scintilla of Evidence as opined in *Moore V TXU*.

VIII.   Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

IX.   This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant with regard to the allegations in Pleading 36.

## In pleading 37 & 38 of Plaintiff's claim, Plaintiff alleges

**37.     In August 2015—after SMDRE had already issued nearly $1.4 million in promissory notes to investors—Hydrocarb agreed to reduce the balance payable on the Hydrocarb Note to $619,898. SMDRE subsequently paid $531,000 on the Hydrocarb Note, bringing the balance that SMDRE owed down to $88,898. In January 2016, Hydrocarb wrote off this remaining balance as uncollectible and disclosed this fact on March 5, 2016, in an SEC filing.**

**38.     In 2016, after most but not all of the SMDRE investors had purchased their notes, Watts's company Geoserve purportedly purchased the Hydrocarb Note, so that any amount SMDRE owed on it would then be due to Geoserve rather than to Hydrocarb. On September 1, 2016, Watts and Stanley caused SMDRE to enter into a "Loan Settlement and Option Agreement" with Geoserve in which SMDRE agreed that it still owed $1,293,179 on the Hydrocarb Note. In effect, they revived SMDRE's payment obligation under the Hydrocarb Note, even though SMDRE had already paid more than 85% of the reduced balance and Hydrocarb had written off the remainder as uncollectible.**

**Concerning Pleading 37 & 38**, Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I.   There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to

make representations, agreements or bind SMDRE and no evidence he attempted to act for SMDRE.

II. There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

III. There is no written evidence to support the monetary allegations. It is an indisputable fact that SMDRE was a private company and as such produced no certifiable financials. Plaintiff has not even a scintilla of evidence to support the complex financial allegations made herein.

IV. The Plaintiff has no expert that can analyze and give evidence to these allegations. In the Rule 16 scheduling order (DOC 13) this court ordered Plaintiff's experts to be designated to opponents in writing by November 1, 2018. The Court further ordered that expert reports to be served within 60 days of designation. Defendant has not received either the designation or a Report that provides evidence for this pleading and the deadline is many months past for such.

V. Plaintiff has nothing but guesses as to what the balance of the Hydrocarb Note is or as to who paid what, when or where. Pleading 38 claims 85% of the balance was paid but does not innumerate as to 85% of what. Pleading 38 alleges a reduction to $631,000 from an undetermined previous balance of which $531,000 was then paid before the balance became $0. These allegations in 37 &38 are made while the Plaintiff alleges in Pleading 27 that a $1,800,000 Hydrocarb note balance existed. Plaintiff has not designated an expert or generated a report as stipulated by the rule 16 scheduling order and

as such time has for such designation or report has lapsed has no evidence to support these allegations.

VI. There is not a scintilla of Evidence as opined in *Moore V TXU*.

VII.  Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

VIII.  This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 36.

## In pleading 39 of Plaintiff's claim, Plaintiff alleges

**39.**  The Loan Settlement and Option Agreement required SMDRE to execute a new note for $1,293,179 payable to Watts or to either of his companies, Geoserve or Lifestream. SMDRE executed a new $1,293,179 note payable to Geoserve concurrently with the agreement. The agreement also required SMDRE to assign to Lifestream substantially all the oil-and-gas properties then owned by SMDRE. These were the same properties that SMDRE had purchased from Lifestream in March 2015 with the $1,276,500 raised from SMDRE promissory-note investors, described in paragraph 34, above. Shortly after the agreement was signed, Watts took possession of the SMDRE oil-and-gas properties and sold them to a third party for $723,811.

**Concerning Pleading 39**, There are no allegations herein, but Defendant Watts would not acquiesce to the accuracy of the statements herein.

## In pleading 40 of Plaintiff's claim, Plaintiff alleges

**40.**  The Loan Settlement and Option Agreement was a fraudulent device concocted and signed by Watts and Stanley to defraud the SMDRE promissory note

**purchasers. It served to return to Watts—in exchange for no cash compensation—the very oil-and-gas properties he had previously sold to SMDRE. This allowed him to sell those same properties again for an additional $723,811. The SMDRE promissory-note holders received nothing from these transactions.**

Concerning Pleading 40, Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I.  There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to make representations, agreements or bind SMDRE and no evidence he attempted to act for SMDRE.

II.  There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

III.  There is not a scintilla of Evidence as opined in *Moore V TXU*.

IV.  Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

V.  This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant with regard to the allegations in Pleading 40.

**In pleading 41 of Plaintiff's claim, Plaintiff alleges**

**41.  Also on September 1, 2016, Watts and Stanley caused SMDRE to purchase interests in still other oil-and-gas properties, again from a Watts-owned entity, in**

**exchange for SMDRE executing yet another promissory note, this time in the amount of $2,116,821. Despite this multi-million-dollar purchase** price, these properties were largely depleted and of relatively little value.

**In Pleading 41**, Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I. There is no evidence that Defendant Watts "caused SMDRE" as there is no evidence written or Oral testimony that Defendant was an officer, director or controlling shareholder of SMDRE or that Defendant had authority to make representations, agreements or bind SMDRE and no evidence he attempted to represent or act in that capacity for SMDRE.

II. There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

III. Plaintiff has no evidence written or oral and no expert to support his allegation that "Despite this multi-million-dollar purchase price, these properties were largely depleted and of relatively little value."

IV. There is not a scintilla of Evidence as opined in *Moore V TXU*.

V. Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

VI. This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 41.

Defendant Watts' Motion for Summary Judgement

**In pleading 42 of Plaintiff's claim, Plaintiff alleges**

> 42.   In the aftermath of the foregoing fraudulent transactions, SMDRE was left with: (a) oil-and-gas assets of little or no value; (b) liabilities exceeding $3.5 million owed to Watts and his entities; and (c) an obligation to pay principal and interest on more than $3.1 million of promissory notes owed to SMDRE and Lifepay promissory note investors. Meanwhile, Watts and Stanley took nearly every dollar deposited in SMDRE's bank accounts during this time period, including all of the investor funds.

**In Pleading 42**, Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I.     Plaintiff has no evidence that defendant committed fraudulent transactions. There is no evidence that Defendant Watts "caused SMDRE" as there is no evidence written or Oral testimony that Defendant was an officer, director or controlling shareholder of SMDRE or that Defendant had authority to make representations, agreements or bind SMDRE and no evidence he attempted to represent or act in that capacity for SMDRE.

II.    There is no evidence Defendant Watts controlled Lifepay, SMDRE or Stanley.

III.   Plaintiff has no evidence to the value of the oil & gas Assets.

IV.    Plaintiff has no evidence and no expert to validate his financial allegations.

V.     There is not a scintilla of Evidence as opined in *Moore V TXU*.

VI.    Any fraud claims fall short of *the 5th Circuit Flaherty* as Plaintiff fails to specificity as to error or omission, of material fact, of acts made with scienter, showing on which plaintiff relied, and that proximately caused the plaintiff's injury.

VII.   This pleading additionally falls short under (PSLRA) as it fails to show with each act or omission alleged to be false or misleading, Plaintiff

must state with particularity facts that give rise to a strong inference that Defendant acted with scienter.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 42.

## In pleading 42 of Plaintiff's claim, Plaintiff alleges

**43.** No registration statement was filed with the Commission as to any of the securities transactions described in this Complaint.

**In Pleading 43**, Defendant Watts Respectfully requests the court grant a summary judgement in his favor based on the following:

I. Plaintiff has no Evidence that Defendant was a party in any act that required a registration.

II. There is no evidence that Defendant was an officer, director or controlling shareholder of SMDRE and as such had no authority to make representations, agreements or bind SMDRE and no evidence he attempted to act for SMDRE.

III. There is no evidence Defendant Watts controlled Lifepay, Smdre or Stanley.

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant regarding the allegations in Pleading 42

**In Plaintiff's First Claim for Relief, Plaintiff prays;**

**FIRST CLAIM FOR RELIEF**

**Offers and Sales of Unregistered Securities: Violations of Securities
Act Sections 5(a) and 5(c) [15 U.S.C. §§ 77e(a) and 77e(c)
(Against all Defendants)**

44.     The Commission repeats and re-alleges Paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

45. By their conduct as alleged above, Defendants Lifepay, SMDRE, Stanley, and Watts, directly or indirectly, singly or in concert with others, (i) made use of means or instruments of transportation or communication in interstate commerce or of the mails to sell, through the use or medium of a prospectus or otherwise, securities as to which no registration statement was in effect; (ii) for the purpose of sale or delivery after sale, carried or caused to be carried through the mails or in interstate commerce, by means or instruments of transportation, securities as to which no registration statement was in effect; and (iii) made use of means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of a prospectus or otherwise, securities as to which no registration statement had been filed.

46.     There were no applicable exemptions from registration, and Defendants therefore violated, and unless enjoined will continue to violate, Securities Act Sections 5(a) and 5(c) [15 U.S.C. §§ 77e(a) and 77e(c)].

47.     By reason of the foregoing, Defendants Lifepay, SMDRE, Stanley and Watts violated, and unless enjoined will continue to violate, Securities Act Sections 5(a) and 5(c) [15 U.S.C. §§ 77e(a) and 77e(c)].

**With Respect to Plaintiff's First Claim for relief;**

Defendant asserts and cites *Moore V KMART* that Plaintiff has not a scintilla of Evidence that Defendant Watts solicited offered or sold any unregistered securities

Therefore, Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant by denying Plaintiff's First Claim for Relief

**In Plaintiff's SECOND Claim for Relief Plaintiff prays;**

### SECOND CLAIM FOR RELIEF
Violations of the Antifraud Provisions of the Securities Act
Section 17(a)(1)-(3) of the Securities Act [15 U.S.C. § 77q(a)]
[Against all Defendants]

48.     The Commission repeats and re-alleges Paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

49.     By reason of the foregoing, Defendants Lifepay, SMDRE, Stanley, and Watts directly or indirectly, in the offer or sale of securities and by use of the means and instrumentalities of interstate commerce or of the mails, or any facility of a national securities exchange, have: (1) employed devices, schemes, or artifices to defraud; (2) obtained money or property by means of untrue statements of material fact or omitted to state material facts necessary in order to make the statements made in light of the circumstances under which they were made, not misleading; and (3) engaged in transactions, practices or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

50.     With regard to their violations of Securities Act Section 17(a)(1), Defendants Lifepay, SMDRE, Stanley' and Watts acted knowingly or with severe recklessness with respect to the truth. With regard to their violations of Securities Act Sections 17(a)(2) and 17(a)(3), these Defendants acted at least negligently.

51.     By reason of the foregoing, Defendants Lifepay, SMDRE, Stanley, and Watts violated, and unless enjoined will continue to violate, Securities Act Section 17(a)(1)-(3) [15 U.S.C. § 77q(a)].

With Respect to Plaintiff's 2nd Claim for relief, Defendant asserts that;

I.      Plaintiff has not a scintilla of evidence (*Moore v Kmart*) that Defendant Watts offered and sold securities and as a matter of Law this claim should be denied.

II.     Plaintiff has not a scintilla of evidence that Defendant was a party in any act that Violated the antifraud provisions of the Securities Act. and as a matter of Law this claim should be denied.

III.    Plaintiff falls short in his pleadings of fraud as under The Private Securities Reform Act (PARSLA), which governs federal securities fraud

claims, the plaintiff in a securities fraud case must," for each act or omission alleged" to be false or misleading, "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." Plaintiff fails to show any facts anywhere let alone with "particularity" in his pleadings showing the required scienter. As a matter of law this claim should be denied.

IV. The Plaintiff's claim fails as *the 5th circuit in Flaherty* opines, "Rule 9(b) states that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This Circuit's precedent interprets Rule 9(b) strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Plaintiff's pleadings fail to state with particularity. As a matter of law this claim should be denied.

V. Plaintiff's claim falls further short under the 5th Circuit *Flaherty* ruling as " In order to state a claim for fraud under Section 10(b) and Rule 10b-5 of the Securities Exchange Act a plaintiff must allege, in connection with the purchase or sale of securities, (1) a misstatement or an omission (2) of a material fact (3) made with scienter (4) on which the plaintiffs relied (5) that proximately caused the plaintiff's injury. "As a matter of law this claim should be denied

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant by denying Plaintiff's Second Claim for Relief

**In Plaintiff's THIRD Claim for Relief, Plaintiff prays;**

**THIRD CLAIM FOR RELIEF**

Violations of Antifraud Provisions of the Exchange Act Section 10(b) [15
U.S.C. § 78j(b)] and Rule 10b-5(a)-(c) [17 C.F.R. § 240.10b-5]
[Against all Defendants]

52.    The Commission repeats and re-alleges Paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

53.    By reason of the foregoing, Defendants Lifepay, SMDRE, Stanley and Watts directly and indirectly, singly or in concert with others, in connection with the purchase or sale of securities, by use of the means and instrumentalities of interstate commerce or by use of the mails have: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of a material fact and omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices, and courses of business which operated or would operate as a fraud or deceit upon purchasers, prospective purchasers, and any other persons.

54.    Defendants Lifepay, SMDRE, Stanley, and Watts engaged in the foregoing conduct and made the above-referenced untrue and misleading statements knowingly or with severe recklessness.

55.    By reason of the foregoing, Defendants Lifepay, SMDRE, Stanley, and Watts violated, and unless enjoined will continue to violate, Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5(a)-(c) [17 C.F.R. § 240.10b-5].

With Respect to Plaintiff's 3rd Claim for relief; Defendant asserts that:

i.    Plaintiff has not a scintilla of evidence that Defendant Watts offered and sold securities.

ii.   Plaintiff has not a scintilla of evidence that Defendant was a party in any act that Violated the antifraud provisions of the Securities Act.

iii.  Plaintiff falls short in his pleadings of fraud as under The Private Securities Reform Act (PARSLA), which governs federal securities fraud claims,  the plaintiff in a securities fraud case must," for each act or

omission alleged" to be false or misleading, "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." Plaintiff fails to show any facts anywhere let alone with "particularity" in his pleadings showing the required scienter for fraud.

iv. The Plaintiff's claim fails as *the 5th circuit in Flaherty* opines, "Rule 9(b) states that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This Circuit's precedent interprets Rule 9(b) strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Plaintiff's pleadings fail to state with particularity.

v. Plaintiff's claim falls further short under *the 5th Circuit Flaherty* ruling as " In order to state a claim for fraud under Section 10(b) and Rule 10b-5 of the Securities Exchange Act  a plaintiff must allege, in connection with the purchase or sale of securities, (1) a misstatement or an omission (2) of a material fact (3) made with scienter (4) on which the plaintiffs relied (5) that proximately caused the plaintiff's injury. "

Defendant moves that the court as a matter of law find in favor of Defendant Watts and enter a Summary judgement on behalf of Defendant by denying Plaintiff's 3rd Claim for Relief.

**In Plaintiff's Fourth Claim for Relief Plaintiff prays;**

**FOURTH CLAIM FOR RELIEF**

Violation of Broker-Dealer Registration Provisions of the Exchange Act
Section 15(a) [15 U.S.C. § 78o(a)]
[Against Defendant Stanley]

In Plaintiff's Fourth Claim, Defendant Watts is not named. Defendant moves that the

court as a matter of law, find in favor of Defendant Watts


For the reasons heretofore articulated; **I.** Plaintiff has no-evidence,

**II.** Plaintiff's Insufficient Fraud Pleadings and **III.** Plaintiff's Failure on Each

Allegation; Defendant Watts respectfully requests that the Court enter a final

judgment in favor of Defendant by denying all Plaintiff claims herein and;

By granting any additional Relief as the Court deems just, appropriate, and

equitable.


Dated May _29_ 2019          Respectfully submitted,



_Michael Watts_
Michael Watts
Defendant, Pro-Se
14019 S. W. FRWY #301-600 : Mike @ GEOSERVE, COM
Sugar Land, Tx 27478       : 281-236-8159

Defendant Watts' Motion for Summary Judgement

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**SECURITIES AND EXCHANGE
COMMISSION**
      **Plaintiff,**

**Vs.**
**THE LIFEPAY GROUP, LLC:
SMDRE, LLC;
CLIFTON E. STANLEY,
MICHAEL E. WATTS**
      **Defendants**

**Civil Action No. 4:18-cv-1098**

---

## (Proposed) ORDER GRANTING DEFENDANT'S MOTION
## For Summary Judgement.

The matter before the Court is Defendant Michael Watts' Motion for Summary Judgemet (the "Motion"), filed May 29 2019. Having considered the Motion and the entirety of the record, the Court finds that the Motion should be, and HEREBY IS, GRANTED. Therefore, it is:

ORDERED that the Court finds in Favor of Defendant and Against Plaintiff pertaining to all allegations and dismisses all Plaintiff's Claims herein ;

SO ORDERED.

_____, 2019

_____

David Hittner

United States District Judge

Defendant Watts' Motion for Summary Judgement

# CERTIFICATE OF SERVICE

I hereby certify that on May_____, 2019, I filed the foregoing document with the Clerk

of the court, I hereby further certify that on

May _____, 2019, I caused a copy of the foregoing document to be served on the

following Defendants by email and mail:

Jennifer Reece
Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, Texas 76102-6882
AND VIA EMAIL at reeceJ@sec.gov

Clifton R. Stanley
2207 Post Office Street, Apt. 206
Galveston, Texas 77550
And Via EMAIL at Clifton52@AOL.com
Defendant, Pro Se

_____
Michael E, Watts