UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 4:18-cv-1098 |
| THE LIFEPAY GROUP, LLC, et al., | |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT WATTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Securities and Exchange Commission ("Plaintiff" or "Commission") opposes Defendant Watts's ("Defendant" or "Watts") Motion for Summary Judgment ("Watts's Motion") [Doc. 50] and respectfully shows the following:

**INTRODUCTION**

On May 29, 2019, Watts filed his Motion, arguing that: (1) the Court should grant summary judgment in his favor because Plaintiff has "no evidence" to survive summary judgment on any of its three claims against him; and (2) the Court should dismiss the Commission's fraud claims for failure to plead them with particularity under Fed. R. Civ. P. 9(b).[1] On June 14, 2019, the Commission filed its Motion for Summary Judgment and Memorandum of Law in Support and Appendices containing sworn statements from investors, an SEC staff accountant summarizing voluminous bank records, and Watts himself, and a total of 431 pages of documentary evidence (together, "Plaintiff's MSJ") [Docs. 63-77]. While the

---

[1] Watts's third section, "Plaintiff's Failure on Each Allegation" combines the prior two arguments and applies them to each paragraph of the complaint.

Commission believes it has established the absence of a material fact which would necessitate summary judgment in the Commission's favor, as Plaintiff's MSJ makes clear, *at a bare minimum*, a fact issue exists which would preclude summary judgment for the Defendant on each element of the Commission's claims, and certainly refutes Watts's "no evidence" MSJ. Further, the Commission's Complaint specifically identifies Watts's fraudulent acts and omissions and his role in the fraud scheme, providing the "who, what, where, when and how" allegations generally required in securities fraud cases. Thus, it complies with Fed. R. Civ. P. 9(b).

In short, Watts completely fails to meet his burden under the well-established summary judgment standard and falls well short on his motion to dismiss, and the Court must deny his Motion in full. Further, the Court should grant the Commission's MSJ.

## FACTUAL BACKGROUND

In Plaintiff's MSJ, the Commission presented its evidence of material facts that conclusively establish Watts's liability—almost all of which is Watts's own words and own documents—and puts to rest Watts's "no evidence" motion. *See* Docs. 63-77. Plaintiff refers to and incorporates the Statement of Facts ("SOF") in its MSJ Brief (Doc. 63 at pp. 10-21), which cites competent summary judgment evidence for each fact listed and which is contained in the Appendices, also incorporated herein.

## ARGUMENTS AND AUTHORITIES

**A.    The Evidence Establishes That Watts Violated Section 5 of the Securities Act.**

The extent of Watts's Motion on Plaintiff's claim that he offered or sold unregistered securities in interstate commerce in violation of Securities Act Section 5 is a one-sentence statement that Plaintiff has "not a scintilla of evidence." (Doc 50, at p. 51.) To the contrary, the Commission's MSJ puts forth competent summary judgment evidence and argument

conclusively establishing the Commission's *prima facie* case. Specifically, the Commission proved that: (1) the SMDRE promissory notes are securities as a matter of law; (2) Watts admitted his involvement in the securities offering, in that he met with investors to discuss the offering, participated in sales pitch meetings, came up with the plan to offer the notes through SMDRE, and collaborated in drafting of the offering documents; (3) Watts offered and sold the notes in interstate commerce, because they were sold to investors in Texas and Louisiana, and SMDRE received investor funds through wire transfers and/or mailed checks, and communicated by email; and (4) the SEC has no registration statement on file for SMDRE's securities. *See* Plaintitff's MSJ [Doc. 63] at ¶¶ 6-9 (pages 12-13) and evidence cited therein; pages 23-24.

Watts cannot seriously dispute that he offered and sold unregistered securities in interstate commerce or that the Commission "has not a scintilla of evidence" that he did. Watts does not even attempt to argue that an exemption to registration applies, and rightly so, because there is no applicable exemption. Thus, summary judgment for the Commission on its first claim for relief is proper. At a minimum, a fact issue exists to preclude summary judgment for Watts.

B. **The Evidence Establishes That Watts Violated Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.**

Watts does not come close to showing an absence of a genuine issue of material fact that would support summary judgment in his favor. His argument for summary judgment is solely that the Commission has "no evidence" to support its fraud claims. That argument is clearly without merit. The Commission has provided over 430 pages of evidence that establish his fraudulent acts and omissions —nearly all of which is Watts's own words and own documents or the words of those he defrauded. *See* Appendices, Docs. 64-77; Doc. 63 (Statement of Facts), pp. 10-14. In no way can Watts legitimately argue that the Commission has "no evidence" in support of its fraud claims against him. As established in Plaintiff's MSJ and Appendices thereto, summary judgment

for the Commission on its second and third claims is proper. At a minimum, a fact issue exists to preclude summary judgment for Watts on the Commission's fraud claims.

**C.     Plaintiff Has Sufficiently Pled its Fraud Claims.**

Watts's Motion also, in effect, moves to dismiss the Commission's fraud claims against him by arguing that: (1) under Fed. R. Civ. P. 9(b), the Commission has failed to plead fraud with particularity; and (2) that the Commission has not alleged the requisite scienter, erroneously relying on the heightened pleading standards from private securities litigation under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(1). As a threshold matter, the heightened pleading requirements of the PSLRA do not apply to Commission enforcement actions, which are not considered "private litigation." *See, e.g., SEC v. Kornman,* 391 F. Supp. 2d 477, 494 (N.D. Tex. [Dallas] 2005) (citing cases).

"The purpose of Rule 9(b) is to facilitate a defendant's ability to respond to and prepare a defense to a charge of fraud." *SEC v. Sharp Cap., Inc.,* 1999 WL 242691, *1 (N.D. Tex. [Dallas] Apr. 16, 1999) (citing *Guidry v. Bank of LaPlace,* 740 F. Supp. 1208, 1216 (E.D. La. 1990). However, courts have never required a plaintiff to plead detailed evidence in its complaint. *Id.* at *2 (*citing Keys v. Wolfe,* 540 F.Supp. 1054, 1065 (N.D.Tex.1982), *rev'd on other grounds,* 709 F.2d 413 (5th Cir.1983)). *See also Bailey v. Linsco/Private Ledger Corporation,* 136 F.R.D. 11, 13–14 (D. Me. 1991) (holding that while Rule 9(b) requires allegations of fraud to contain some factual detail, it does not require plaintiffs to plead evidentiary details sufficient to prove a claim of fraud). Nor have courts required that a complaint state *all* the facts pertinent to the case in order to satisfy the requirements of Rule 9(b). *See Frith v. Guardian Life Insurance Company,* 9 F.Supp.2d 734, 742 (S.D.Tex.1998) ("Although Rule 9(b) calls for fraud to be pleaded with

particularity, the allegations must still be as short, plain, simple, direct, and concise as is reasonable under the circumstances.").

Here, the SEC has alleged more than enough specific facts to satisfy Rule 9(b), and has adequately pled the "who, what, where, when and how" allegations generally required in securities fraud cases. *See United States ex rel. Johnson v. Shell Oil Co.,* 183 F.R.D. 204, 206 (E.D. Tex. 1998). Specifically, the complaint describes, in detail and in summary, Watts's false and misleading acts and omissions regarding securities offerings and sales to investors in Texas and Louisiana during February 2015 to February 2017, *i.e.,* Watts: (1) failed to disclose to investors that he paid Stanley a 10 -15% commission on every dollar of investor funds; (3) failed to disclose to investors that SMDRE's liabilities far exceeded its assets which made promised returns impossible; (4) failed to disclose related party transactions and conflicts of interest; and (5) misused investor funds. *See* Complaint, ¶¶ 3, 23-43.

The complaint also sets out facts sufficient to establish *scienter* under the federal securities laws and the general rules set out in Rule 9(b). "To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud." *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1068 (5th Cir.1994). The Commission has pled adequate facts to show that, with regard to his violations of Section 17(a)(1) of the Securities Act, Watts acted knowingly or with severe recklessness with respect to the truth. With regard to his violations of Sections 17(a)(2) and 17(a)(3), Watts acted at least negligently.

Therefore, Watts's Motion must fail.

# CONCLUSION

For the foregoing reasons, the Court should: (1) deny Defendant Watts's Motion for Summary Judgment; (2) grant the Commission's Motion for Summary Judgment; and (3) grant the Commission such other relief as it may be entitled.

Dated: June 19, 2019

Respectfully submitted,

*/s/ Jennifer D. Reece*
Jennifer D. Reece
Attorney-in-Charge
Texas Bar No. 00796242
S.D. Bar No. 899792
Timothy S. McCole
S.D. Tex. Bar No. 37943
Mississippi Bar No. 10628
U. S. Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, Texas 76102-6882
Tel: (817) 978-6442(jr)
Fax: (817) 978-4927
reecej@sec.gov

COUNSEL FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION

# CERTIFICATE OF SERVICE

I certify that on June 19, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court. I hereby certify that I have served all parties in accordance with FED. R. CIV. P. 5(b)(2).

s/Jennifer D. Reece
Jennifer D. Reece